1

2

3

4        UNITED STATES DISTRICT COURT

5        DISTRICT OF NEVADA

6        * * *

7    GAYLEN GEORGE THOMPSON,                      Case No. 2:18-cv-00430-KJD-PAL

8                              Plaintiff,          **ORDER**

9         v.

10   ELKO COUNTY DISTRICT COURT, et al.,          (Mot. Subpoena – ECF No. 2;
                                                    Mot. Writ of Prohibition – ECF No. 3)
                                Defendants.

11

12          This matter is before the court on Plaintiff Gaylen George Thompson 's failure to pay the

13   standard filing fee or submit an application to proceed *in forma pauperis* ("IFP") in this case.  This

14   proceeding is referred to the undersigned pursuant to 28 U.S.C. § 636(b)(1)(A) and LR IB 1-3 of

15   the Local Rules of Practice.

16          Mr. Thompson is a prisoner in the custody of the Nevada Department of Corrections and

17   has been at all relevant times.  He is proceeding in this action *pro se*, which means that he is not

18   represented by an attorney.  *See* LSR 2-1.  He has submitted a handwritten document called a

19   Notice of Intent as part of his initiating documents (ECF No. 1) along with a Motion for Subpoena

20   (ECF No. 2) and Motion for Writ of Prohibition (ECF No. 3), but he did not pay the $400 filing

21   fee or submit an IFP application for incarcerated litigants with the appropriate supporting

22   documentation.  28 U.S.C. § 1915(a); LSR 1-1, LSR 1-2.[1]

23          To proceed in a civil action without prepaying the standard filing fee, LSR 1-1 and 28

24   U.S.C. § 1915 provide that a prisoner must submit the court's form IFP application for incarcerated

25   litigants.  Additionally, LSR 1-2 and § 1915 specifically require three items be submitted to this

26   court with a prisoner's IFP application: (1) a financial certificate signed by an authorized officer

27   _____

28   [1] The $400 filing fee consists of a $350 base fee and a $50 administrative fee.  Pursuant to the court's
     Schedule of Fees, the $50 administrative fee does not apply to prisoners granted IFP status under 28 U.S.C.
     § 1915.  Thus, prisoners granted IFP status are only required to pay the $350 base fee.

                                                    1

of the institution in which he or she is incarcerated,[2] (2) a copy of his or her inmate trust account statement for the six-month period prior to filing,[3] and (3) a signed financial affidavit showing an inability to prepay fees and costs or give security for them.[4]  In general, when a district court grants a prisoner IFP status, federal law states that "the prisoner shall be required to pay the full amount of the filing fee."  28 U.S.C. § 1915(b)(1).  Prisoners must pay an initial partial filing fee of the greater of 20 percent (20%) of the average monthly deposits or 20 percent (20%) of the average monthly balance of his account for the six months immediately preceding the start of this action.  *Id*.  A prisoner's failure to pay the initial partial filing fee before the deadline stated in the court's order, which typically allows 30 days, is "cause for dismissal of the case."  LSR 1-3(c).  After the initial partial filing fee is paid, the facility having custody of the prisoner will forward payments from the prisoner's account each month.  28 U.S.C. § 1915(b)(2).

The court is required to conduct a preliminary screening in any case in which a prisoner is granted IFP status.  28 U.S.C. §§ 1915(e)(2), 1915A(a); *Jones v. Bock*, 549 U.S. 199, 213–14 (2007) (screening is required before allowing an IFP complaint to move forward, issuing summonses, or requiring an answer).  Mr. Thompson is therefore advised that even if this action is dismissed, he must still pay the $350 base filing fee pursuant to § 1915(b) and the monthly payments will continue from his inmate account until the balance is paid.  *See Washington v. L.A. County Sheriff's Dep't*, 833 F.3d 1048, 1051–52 (9th Cir. 2016).

Mr. Thompson's notice attempts to state a claim against for violations of his civil rights.  To the extent Thompson is challenging the fact of his arrest and subsequent incarceration, so as to

---

[2] Local Special Rule 1-2 states that a prisoner:

> must simultaneously submit a certificate from the institution certifying the amount of funds currently held in the applicant's trust account at the institution and the net deposits in the applicant's account for the six months prior to the date of submission of the application.  If the applicant has been at the institution for fewer than six months, the certificate must show the account's activity for this shortened period.

[3] Section 1915(a)(2) requires a prisoner to "*submit a certified copy of the trust fund account statement (or institutional equivalent) for the prisoner for the 6-month period immediately preceding the filing of the complaint*, which the prisoner must obtain "from the appropriate official of each prison at which the prisoner is or was confined."  (emphasis added).

[4] Section 1915(a)(1) states that a prisoner must submit "an affidavit that includes a statement of all assets such prisoner possesses that the person is unable to pay such fees or give security therefor."

render a conviction or sentence invalid, his claim is barred by the Supreme Court's decision in *Heck v. Humphrey*, 512 U.S. 477, 487 (1994). Federal district courts do not have appellate jurisdiction over a state court, whether by direct appeal, mandamus, or otherwise. *See, e.g.*, *Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923); *Bianchi v. Rylaarsdam*, 334 F.3d 895, 898 (9th Cir. 2003). When a state prisoner files a civil rights action, the court "must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated." *Heck*, 512 U.S. at 487; *see also Wilkinson v. Dotson*, 544 U.S. 74, 78 (2005). Mr. Thompson alleges that he is still in custody of the Nevada Department of Corrections and would like his sentence vacated if he succeeds in this action. Because it does not appear that Thompson's conviction has been reversed on direct appeal, expunged by executive order, or declared invalid, his notice does not state a claim upon which relief can be granted. Thompson may withdraw his notice and pursue other forms of relief if he wishes to avoid an order to pay the $350 filing fee and recommending dismissal under *Heck*.

Finally, LSR 2-1 states that a "civil rights complaint filed by a person who is not represented by counsel *must be submitted on the form provided by this court*." *Id.* (emphasis added). Mr. Thompson submitted a notice on what appears to be lined notebook paper, not the court's approved form. If Thompson chooses to move forward with his claims, he must submit the correct IFP application along with an amended complaint on the court's approved form. Thus, the Clerk of the Court will be directed to mail Mr. Thompson a blank civil rights complaint and IFP application along with the instructions for completing the forms.

In addition, Thompson has filed a Motion for Subpoena (ECF No. 2) and Motion for Writ of Prohibition (ECF No. 3). His motion for writ states that he has an appeal pending before the Nevada Supreme Court, and he requests an order prohibiting the warden from transferring him out of state while his state appeal is pending. The motion provides no legal authority to demonstrate this court's jurisdiction to enter such an order. *See, e.g.*, *see Wallace v. Kato*, 549 U.S. 384 (2007); *Younger v. Harris*, 401 U.S. 37 (1971). His motion for subpoena requests authorization to

subpoena records from Elko County to proceed in this lawsuit.[5]  Mr. Thompson's motions are premature unless and until (1) he pays the filing fee *or* receives leave of court to proceed IFP (meaning he submits a complete IFP application and the court finds he qualifies for IFP status); *and* (2) he submits an amended complaint on the correct form and the court screens that amended complaint and determines that it states a colorable claim for relief.  Thompson's motions are denied without prejudice.

Accordingly,

**IT IS ORDERED:**

1. The Clerk of Court shall RETAIN the Notice (ECF No. 1-1), but ***SHALL NOT*** issue summons.

2. Plaintiff Gaylen George Thompson's Motion for Subpoena Authorization (ECF No. 2) and Motion for Writ of Prohibition (ECF No. 3) are **DENIED without prejudice as premature**.

3. The Clerk of the Court is instructed to MAIL Mr. Thompson one blank IFP application for incarcerated litigants and a complaint for § 1983 civil rights actions along with instructions for completing the forms.

4. If he chooses to move forward with this case, Mr. Thompson must submit an amended complaint on the correct form on or before **April 16, 2018,** and clearly title the amended complaint as such by placing the words "FIRST AMENDED" immediately above "Civil Rights Complaint Pursuant to 42 U.S.C. § 1983" on the first page and write 2:18-cv-00430-KJD-PAL as the "Case No."

5. The amended complaint must be a complete document in and of itself and will supersede the original notice in its entirety.  Any allegations, parties, or requests for relief from prior papers that are not carried forward in the amended complaint will no longer be before the court.

---

[5]  The court notes that, even if Mr. Thompson is permitted to proceed in this action without prepaying the $350 base filing fee, IFP status does not extend to the issuance or service of subpoenas at government expense.  A prisoner plaintiff proceeding IFP under 28 U.S.C. § 1915 is responsible for paying all fees and costs associated with subpoenas. *Tedder v. Odel*, 890 F.2d 210, 211–12 (9th Cir. 1989); *see also Alexander v. Plainer*, 390 F. App'x 724, 726 (9th Cir. 2010).

6. Mr. Thompson must file an IFP application on or before **April 16, 2018**, accompanied by (i) a financial certificate executed and signed by the plaintiff and an authorized prison official, (ii) a financial acknowledgement executed and signed by the plaintiff, and (iii) a statement of his inmate trust account for the six-month period prior to filing.

7. Alternatively, Mr. Thompson shall pay the $400 filing fee, accompanied by a copy of this Order, on or before **April 16, 2018**.

8. Mr. Thompson's failure to comply with this Order by: (a) submitting an IFP application or (b) paying the filing fee, and submitting an amended complaint on the correct form, before the **April 16, 2018** deadline will result in a recommendation to the district judge that this case be dismissed.

Dated this 14th day of March, 2018.

PEGGY A. LEEN
UNITED STATES MAGISTRATE JUDGE